UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.                                                                                                                                  Case No. 23-cr-66 (JNE/LIB) (1)
                                                                                                                      ORDER

Antonio Trevyll McGraw-Williams,

       Defendant.

       A motion hearing took place before the Honorable Leo I. Brisbois, United States Magistrate Judge, on February 22, 2024. At the hearing, the Magistrate Judge granted in part and denied in part Defendant's motion for a *Franks* hearing,[1] took several nondispositive motions under advisement, and set a schedule for the parties to submit supplemental briefs on two of Defendant's four motions to suppress. The other two motions to suppress were withdrawn as moot.

       A few days after the motion hearing, the Court received Defendant's motion to amend judgment in which Defendant, who is proceeding pro se, "ask[ed] the Courts to withdraw the written argument for February 22, 2024 motion hearing" and "request[ed] to amend the decision to moot the electronic surveillance evidence stemming from the July 18, 2022 phone tracker warrant." He concluded that he "would like to waive the written argument from the motion hearing and suppress the tracking warrant in full."

       In a text-only Order issued several weeks after the motion hearing, the Magistrate Judge stated that "[t]he expiration of the time in which Defendant was permitted to file

---

[1]      *Franks v. Delaware*, 438 U.S. 154 (1978).

1

his supplemental memorandum has long since passed" and that "Defendant has not filed any memorandum in support of his Motions to suppress evidence." The Magistrate Judge afforded Defendant "one final opportunity to submit his supplemental memorandum in support of his Motions to suppress evidence." A revised briefing schedule was set.

The Magistrate Judge issued a text-only Order after the revised briefing schedule passed without submission of supplemental briefs. The Magistrate Judge stated that "it is likely Defendant did not receive a copy" of the revised briefing schedule and that "it also appears possible that Defendant never received the physical copy of the transcript" of the motion hearing. The Magistrate Judge ordered the government to file a letter that addresses where Defendant is detained; whether Defendant received the revised briefing schedule; and, if Defendant received the transcript, whether Defendant was permitted to retain it when he was transferred. The government responded that Defendant received the revised briefing schedule and the transcript before his transfer from one detention facility to another, that Defendant had "a volume of 'legal work' with him . . . as part of his transfer process," and that additional copies of the revised briefing schedule and the transcript were delivered to Defendant.

In an Order dated May 22, 2024, the Magistrate Judge stated that "Defendant . . . failed to file a supplemental brief in the time permitted" and that, "even after the Court gave Defendant a second opportunity to submit a supplemental brief, Defendant declined to do so." The Magistrate Judge, "in an abundance of caution," afforded Defendant "a final opportunity to submit a supplement[al] brief in support of his Motions seeking the suppression of evidence." By notice dated May 23, 2024, Defendant stated:

> I would like to waive the written argument on the February 22, 2024 motion hearing. I've already submitted to the courts that I would like to proceed with the tracking warrant suppression which got moot I am asking the court to disregard the moot to continue with the advisement for the tracking warrant motion . I have been notified by the courts that there has been an extension for me to submit a written response this will not be necessary for I would like to proceed with forward with the motion hearing.

The government also gave notice that "it does not intend to file supplemental briefing in response to the defendant's Motions to Suppress Evidence."

In an Order and Report and Recommendation dated July 17, 2024, the Magistrate Judge denied Defendant's motions for funds; construed Defendant's motion to amend judgment as "a reassertion of his request to suppress all evidence flowing from the execution of the July 18, 2022, Tracking Warrant"; and recommended that Defendant's motions to suppress be denied.[2] Defendant moved to extend the deadline to object. The Court granted his motion and set August 30, 2024, as the deadline for his objections. *See* D. Minn. LR 72.2(b)(1).

On August 1, 2024, a letter from Defendant to the Magistrate Judge was filed. Defendant wrote to "inquire about the status of [his] *Franks* hearing and to clarify for [his] purposes of understanding the motions pre-trial that occurred in February of 2024." The Magistrate Judge responded in an Order dated August 8, 2024. It states:

> To the extent Defendant's letter seeks the status of his request for a Franks hearing, the Court has already addressed that issue and permitted Defendant to pursue that line of questioning at the February 22, 2024, Motions Hearing.

---

[2] The Magistrate Judge recommended that Defendant's motion to suppress evidence resulting from execution of the tracking warrant be denied as moot.

3

> Furthermore, at the Motions Hearing, there was not any line of questioning which the Defendant sought to begin but which this Court prohibited him from pursuing. Moreover, in its previously issued Report and Recommendation, the Court addressed each of Defendant's Franks-related arguments.
>
> To the extent Defendant's letter is intended to be an objection to the undersigned's previously issued Report and Recommendation, a letter to the undersigned is not the appropriate mechanism for raising such an objection. Instead, any such objection must be renewed to the District Judge presiding over this action . . . .

On August 21, 2024, Defendant's Motion for New Standby Counsel and Motion to Correct Error were filed. The Motion to Correct Error states:

> I am notifying the court of an procedural error that a violation of my due process rights has occurred. I submitted various pre-trial motions in my defense towards the charges that are being levied against me. On February 22, 2024 an evidentiary hearing was held . . . before the Magistrate Judge Leo I. Brisbois a ruling was made on the motion at issue concerning [Doc No. 72] Motion for a *Franks* Hearing, which was Granted in part and Denied in part on the record Text-only. I was not issued an order for a report and recommendation on the dispositive matter that is required pursuant to USCS Fed Rules Crim Proc R 59(b) This is a violation to my substantial rights which prohibits me from litigating in my defense and to have a fair trial in objecting to the ruling of the magistrate findings without reasons as to why the decision was supported to deny in part and why it was granted in part on the *Frank* motion, I was never awarded the opportunity to have a franks hearing. This is a procedural plain error of a violation of my due process as I move forward with my litigation.

A few days later, Defendant moved to extend the deadline to object to the Report and Recommendation. The Court granted his motion and set September 30, 2024, as the deadline for his objections. *See id.*

4

On August 30, 2024, Defendant's Motion to Recuse Judge was filed. Citing 28 U.S.C. §§ 144 and 455, Defendant "notif[ied] the courts in good faith of an procedural error that has been prejudice to [him] litigating in [his] defense and have been a violation of [his] due process rights." He essentially restated his Motion to Correct Error.

On September 7, 2024, Defendant's standby counsel, Matthew Mankey, moved to withdraw. In an Order dated September 18, 2024, the Magistrate Judge denied Defendant's Motion for New Standby Counsel and Mr. Mankey's Motion to Withdraw. In the Order, the Magistrate Judge addressed the motion to recuse:

> On [August 30], 2024, Defendant filed a document entitled, "Motion to Recuse Judge." [Docket No. 114]. Although the document's title implies that Defendant seeks the recusal of a judicial officer, Defendant's [August 30], 2024, filing does not actual[ly] request the recusal of any judicial officer assigned to the present case. (See Mot. [Docket No. 114]). Instead, Defendant's filing once more takes issue with portions of the undersigned's previously issued Report and Recommendation, [Docket No. 105]. (See Mot. [Docket No. 114]). Defendant's [August 30], 2024, filing, [Docket No. 114], merely continues the arguments Defendant raised in his earlier objection, [Docket No. 110], to the undersigned's Report and Recommendation. An objection to the undersigned's previously issued Report and Recommendation falls within the authority of the assigned District Judge; thus, the undersigned will take no action on Defendant's filing at Docket No. 114.

On September 16, 2024, Defendant's "statement of objection" was filed. Defendant reiterated his complaint about the determination of his motion for a *Franks* hearing. The government responded that "Judge Brisbois addressed each of the arguments underlying Mr. McGraw-Williams's purported need for a *Franks* hearing in the R&R"; that, "[d]espite a lack of evidence suggesting a *Franks* violation, Mr.

5

McGraw-Williams nevertheless had ample opportunity to cross-examine the law enforcement witness who authored the challenged search warrants"; that "[t]he Motions Hearing was, in everything but name, a *Franks* hearing"; and that, "[s]etting aside Mr. McGraw-Williams's general disagreement with the denial of a full, separate *Franks* hearing, he has failed to identify any specific objections to the reasoning or conclusions in the R&R." The government asserted that the Court should adopt the Report and Recommendation.

## *Franks* Hearing

Defendant moved for a *Franks* hearing. The government opposed the motion, asserting that Defendant "fail[ed] to make the substantial preliminary showings necessary for the Court to hold a *Franks* hearing." At the motion hearing, the Magistrate Judge addressed Defendant's motion for a *Franks* hearing:

> Well, let me take up the issues that are non-dispositive or not subject to report and recommendation or evidentiary hearing first.
>
> On the issue of the Franks hearing, Mr. Justin Allen Erickson was listed as a witness. The motion to suppress relative to the search warrant for August 30th for the hotel room 203, Bemidji Hotel, is still in dispute.
>
> And so I will allow Mr. McGraw-Williams to ask questions regarding the source of his information, the understanding of the information, et cetera, that was included in the affidavit submitted in support. So if you want to call it a quasi-Franks hearing, Mr. McGraw-Williams will be able to inquire into those areas regardless of what the direct is, since we have the exhibit here and since we have the witness here.
>
> All right. So that takes care of that.

6

Later in the hearing, before Mr. Erickson testified, the following exchange took place:[3]

> MS. ROSO: . . . .
>
> Understood the court's ruling regarding allowing testimony into Mr. Erickson's basis of knowledge for the warrant for the hotel room 203 at Hotel Bemidji.
>
> It is the government's position that as it relates to defense's motion at Docket Number 80, the motion to suppress the warrant allowing the search of his cell phones, that that warrant be subject to a four corners review, if that is acceptable to the court. If not, I can certainly inquire as to Mr. Erickson about the content of that warrant as well.
>
> THE COURT: Well, Mr. McGraw-Williams, it seems like most of your concern regarding the Franks challenge relates to the search warrant of the hotel room.
>
> Can the search warrant and motion to suppress for the cell phones be done just by the court's reviewing to see if there is or isn't probable cause in the document that was presented to the state court judge? That's what they call a "four corners review."
>
> (Defendant confers with counsel)
>
> . . . .
>
> MR. MANKEY: Your Honor, just so we understand the -- or so Mr. McGraw-Williams understands the court's order or the court's position on this or the government's position on this, Mr. McGraw-Williams would like to cross-examine, I believe it's Officer Erickson, about some things that are outside of the four corners, so.
>
> THE COURT: Of the, of the warrant for the cell phone content? Because this is what we're -- we're talking about the cell phone content.

---

[3] At the motion hearing, Ms. Roso represented the government. Mr. Mankey served as Defendant's standby counsel.

>MS. ROSO: That is correct, Your Honor.
>
>THE COURT: Yeah.
>
>MS. ROSO: And I will note that the factual basis for the warrant for both the cell phones and the hotel room are largely identical.
>
>So to the extent that Mr. McGraw-Williams has questions outside the four corners of the hotel room warrant, I believe that those questions will also address any concerns that he might have with the, with the cell phone warrant as well.
>
>THE COURT: All right. Well, why don't we -- that was my understanding as well, but what we're going to do is we're just going to hold the question of a four corners review, and we'll take the warrant, testimony relative to the warrant for the hotel room first; and then after we're done with that, then we can revisit the issue of whether we need anything else for the cell phone warrant.
>
>Do you want to explain that?
>
>MR. MANKEY: Yeah. Yes, Your Honor.
>
>(Defendant confers with counsel)
>
>MR. MANKEY: Your Honor, Mr. McGraw-Williams is prepared to proceed on that basis, reserving the right to go a little bit outside the four corners if it's deemed appropriate by him.
>
>THE COURT: Okay. All right. Then for purposes of your examination, direct and then the first round of cross, let's focus on the August 30th search warrant for the hotel room and Mr. McGraw-Williams' person.

After the direct examination, the cross-examination, and the redirect examination of Mr. Erickson, Defendant stated that he had no additional questions for Mr. Erickson:

>THE COURT: Mr. McGraw-Williams, you can ask cross-exam questions again, but it has to be limited to this series of

> questions by the government. You can't go back and redo everything you've already done.
>
> Do you have any recross you want to, do based on what you just heard now?
>
> (Pause)
>
> THE COURT: No? Okay.
>
> Before we discuss whether or not the witness will be released or not, from my review of the pretrial submissions, I think the context of the cell phone warrant has been largely touched on here as well.
>
> Is there anything, Mr. McGraw-Williams, that you want me to inquire about regarding the cell phone search warrant?
>
> You asked several questions about custody of the phone, some texts that may or may not have been sent at a time when it was checked out.
>
> Is there anything else you want to ask regarding the cell phone warrant?
>
> THE DEFENDANT: No.

After the government stated that it had no further questions for Mr. Erickson, he was excused. The parties rested, and the Magistrate Judge set a schedule for supplemental briefs.

Later on February 22, the minutes of the motion hearing were filed. The minutes state: "For the reasons stated on the record at the Motions Hearing, Defendant's Motion for Franks Hearing, [Docket No. 72], was granted in part and denied in part, as stated on the record."

"Motions for *Franks* hearings are non-dispositive . . . ." *United States v. Hari*, Case No. 18-cr-150, 2019 WL 7041849, at *1 (D. Minn. Dec. 20, 2019). Rule 59 of the Federal Rules of Criminal Procedure establishes a deadline for objections to a magistrate judge's determination of a nondispositive matter:

> A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to review.

Fed. R. Civ. P. 59(a). Here, the Magistrate Judge granted in part and denied in part Defendant's motion for a *Franks* hearing for the reasons stated on the record at the February 22 motion hearing. Defendant did not timely object to the determination of his motion for a *Franks* hearing. Accordingly, insofar as Defendant objected to the determination of his motion for a *Franks* hearing in his recently filed motions and letters, the Court overrules the objections and denies the motions.

## Motion to Recuse Judge

Defendant's Motion to Recuse Judge states: "I, the defendant, Antonio Trevyll McGraw-Williams , Pursuant to statue 28 USCS Section 144, 455 am notifying the courts in good faith of an procedural error that has been prejudice to me litigating in my defense and have been a violation of my due process rights." Defendant continued by reiterating

his complaint about the determination of his motion for a *Franks* hearing.  Insofar as Defendant moved to disqualify the Magistrate Judge, the Court denies the motion.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

## Motions to Suppress

In the Report and Recommendation, the Magistrate Judge recommended that Defendant's motions to suppress be denied.  First, the Magistrate Judge construed Defendant's motion to amend judgment as "a reassertion of his request to suppress all evidence flowing from the execution of the July 18, 2022, Tracking Warrant."  Stating that the government "has twice affirmatively stated that it will self-suppress all evidence resulting from the execution of the July 18, 2022, Tracking Warrant," the Magistrate Judge recommended that Defendant's motion to suppress the tracking warrant be denied as moot.  Next, the Magistrate Judge stated that "Officer Erickson's affidavit submitted in support of the Hotel Search Warrant provided a sufficient basis upon which Judge Melbye could reasonably conclude that probable cause existed to support the issuance of the Hotel Search Warrant"; that, even if the affidavit "was not sufficient to establish probable cause, . . . officers relied in good faith on the probable cause determination"; and that "[a]ny purported violation of the knock-and-announce rule had no effect on the validity of the warrant or the search and seizure of evidence pursuant to the execution of the Hotel Search Warrant."  The Magistrate Judge recommended that Defendant's motions to suppress evidence resulting from the execution of the Hotel Search Warrant be denied.  Finally, the Magistrate Judge stated that "Officer Erickson's affidavit

submitted in support of the Cell Phone Search Warrant provided a sufficient basis upon which Judge Melbye could reasonably conclude that probable cause existed to support the issuance of the Cell Phone Search Warrant" and that, even if "the affidavit of Officer Erickson was insufficient to establish probable cause, . . . officers relied in good faith on the probable cause determination."  The Magistrate Judge recommended that Defendant's motions to suppress evidence resulting from the execution of the Cell Phone Search Warrant be denied.  Defendant did not identify specific objections to the Report and Recommendation.  The Court accepts the recommended disposition [Docket No. 105]. *See* Fed. R. Civ. P. 59(b)(2).

## Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motions to Suppress Evidence [Docket Nos. 80 & 81] are DENIED.

2. Defendant's Motion to Suppress Tracking Warrant [Docket No. 92] is DENIED as moot.

3. Defendant's Motion to Correct Error [Docket No. 110] is DENIED.

4. Defendant's Motion to Recuse Judge [Docket No. 114] is DENIED.

5. Defendant's Objection [Docket No. 117] is OVERRULED.

Dated: October 31, 2024

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
