UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTONIO TREVYLL
MCGRAW-WILLIAMS,

    Defendant.

Case No. 23-cr-66 (JNE/LIB)
ORDER

---

Matthew D. Forbes, Allen A. Slaughter, Jr., Lauren Olivia Roso, and Matthew David Evans, United States Attorney's Office, Minneapolis, MN, for Plaintiff.

Antonio Trevyll McGraw-Williams, Elk River, MN, Pro Se Defendant; Eric L. Newmark, Newmark Law Office, Minnetonka, MN, Standby Counsel for Defendant.

---

This matter is before the Court on ten pretrial motions brought by Defendant Antonio Trevyll McGraw-Williams, proceeding pro se. The motions include requests for a *Franks* hearing, motions to suppress evidence, motions to dismiss the indictment for alleged violations of the Speedy Trial Act, a motion for disclosure of the grand jury transcripts, a motion for disclosure of jury-selection records, and a motion for a jury expert. For the following reasons, the Court denies all the motions except for the motion for disclosure of jury-selection records.

I.    BACKGROUND

Defendant Antonio Trevyll McGraw-Williams is charged by indictment with one count of Possession with Intent to Distribute Fentanyl. He is currently proceeding pro se with standby counsel, Eric Newmark.

1

McGraw-Williams filed several pretrial motions. First, three motions seeking a *Franks* hearing to question a special agent. (ECF Nos. 143, 145, 148.) Second, two motions to reopen the suppression hearing held before the Magistrate Judge on February 22, 2024, and to present additional evidence in support of his initial motions to suppress, which were denied. (ECF Nos. 144, 146.) Third, two motions to dismiss the indictment for alleged violations of the Speedy Trial Act. (ECF Nos. 156, 157.) Fourth, a motion for disclosure of the grand jury transcripts. (ECF No. 153.) Fifth, a notice of intent to raise a jury composition challenge and a motion challenging the composition of the grand jury and petit jury for racial discrimination. (ECF No. 155.) And sixth, a motion for a jury expert in anticipation of a future challenge to the jury selection process. (ECF No. 154.)

## II.    DISCUSSION

### I.    *Franks* Motions

McGraw-Williams filed three motions related to his previous request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), wherein he sought to question Bemidji Police Department Special Agent Justin Erickson regarding certain affidavits he submitted to support search warrants underlying the investigation of this case.

At a hearing on February 22, 2024, Magistrate Judge Leo I. Brisbois addressed McGraw-Williams's request for a *Franks* hearing and allowed McGraw-Williams to cross-examine Special Agent Erickson "regarding the source of [Special Agent Erickson's] information, the understanding of the information, et cetera, that was included in the affidavit submitted in support." (Transcript of Mots. Hr'g at 8:18–25, Mar. 7, 2024, ECF No. 94.) After the Government finished direct examination of Special Agent Erickson,

McGraw-Williams cross-examined him. (*Id.* at 41:20–50:24.) The hearing minutes indicated that the Magistrate Judge granted in part and denied in part McGraw-Williams's request for a *Franks* hearing "as stated on the record." (Minutes, Feb. 22, 2024, ECF No. 91.)

McGraw-Williams later argued that he was not afforded a full *Franks* hearing because the Magistrate Judge called it a "quasi-*Franks*" hearing. (Transcript of Mots. Hr'g at 8:22.) The Court and Magistrate Judge have denied McGraw-Williams's subsequent challenges to the *Franks* hearing determination. Most recently, the Court overruled McGraw-Williams's objections to the *Franks* hearing determination because he had failed to timely object. (Order, Nov. 1, 2024, ECF No. 122.)

Now, McGraw-Williams moves for reconsideration of the *Franks* hearing decision, arguing that he was not issued an oral or written order against which he could have submitted objections. (ECF No. 143.) McGraw-Williams also moves to suppress the evidence obtained pursuant to the search warrants that were supported by Special Agent Erickson's affidavits. (ECF Nos. 145, 148.) In the suppression motions, McGraw-Williams argues that certain inconsistencies between the affidavits supporting the search warrants render the affidavits false.

The Court has already denied multiple challenges related to McGraw-Williams's request for a *Franks* hearing, and McGraw-Williams has failed to adequately explain why relitigating previously decided issues is necessary. Nor has McGraw-Williams sufficiently articulated what relief he is asking for that he did not already get by having the opportunity to question Special Agent Erickson at the hearing before the Magistrate Judge on February

3

22, 2024. Accordingly, the Court will deny McGraw-Williams's three requests related to the *Franks* hearing.

## II.     Suppression Motions

McGraw-Williams seeks to reopen the suppression hearing held before the Magistrate Judge on February 22, 2024, and to present additional evidence in support of his initial motions to suppress evidence, which were denied. (ECF Nos. 144, 146.) He argues that the following evidence warrants the reopening of the suppression hearing and the reconsideration of his previous suppression motions: (1) a Cellebrite report of the data extracted from McGraw-Williams's Samsung phone which McGraw-Williams argues shows that Special Agent Erickson opened and read text messages before the search warrant was executed; (2) another Cellebrite report of the data extracted from the Samsung phone that McGraw-Williams argues shows that Special Agent Erickson uploaded illicit images to the phone; and (3) an alleged misrepresentation in Special Agent Erickson's affidavit that the Samsung phone number was registered to T-Mobile, even though a document showing the registration of the Samsung phone indicates it was registered to Verizon Wireless. McGraw-Williams claims that the above evidence was not disclosed to him before the hearing on February 22, 2024.

The Magistrate Judge previously recommended denying McGraw-Williams's motions to suppress evidence obtained from the search of his person, his hotel room, and two cell phones. (Order & R. & R. at 5–26, July 17, 2024, ECF No. 105; *see also* ECF Nos. 81, 82.) Absent specific objections to the recommendation, the Court accepted the Magistrate Judge's recommendation, finding that the affidavits submitted in support of the

4

search warrants were supported by probable cause and that, even if they were not supported by probable cause, the good faith exception applied. (Order at 11–12, Nov. 1, 2024, ECF No. 122.)

The Court has discretion on whether to reopen the suppression issue. *United States v. Walker*, 840 F.3d 477, 484 (8th Cir. 2016). Here, there cannot be a definitive ruling on these matters in the absence of further information regarding the cell phone, which will become ripe at trial. Once more information is gathered at trial regarding the Cellebrite reports and Special Agent Erickson's affidavit stating that the Samsung phone number was registered to T-Mobile, McGraw-Williams may re-raise this issue with the Court. Accordingly, the Court will deny the motions to suppress without prejudice.[1]

### III.  Speedy Trial Act Motions

McGraw-Williams filed two identical motions in which he argues that his right to a speedy trial has been violated because 105 non-excluded days have elapsed.

The Speedy Trial Act requires that the indictment "shall be dismissed on motion of the defendant" if the defendant "is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h)." 18 U.S.C. § 3162(a)(2). Section 3161(c)(1) requires that the trial of a defendant who has pled not guilty begin within 70 days of the defendant's initial appearance. Section 3161(h) excludes from the 70-day period "[a]ny period of delay . . . resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such

---

[1] Denial without prejudice means that McGraw-Williams can re-raise this issue once more information is gathered at trial.

motion" and "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." *Id.* § 3161(h)(1)(D), (H). The defendant bears the burden of showing that his right to a speedy trial has been violated. *United States v. Lightfoot*, 483 F.3d 876, 887 (8th Cir. 2007).

McGraw-Williams's initial appearance was on March 8, 2023. McGraw-Williams claims that 1 non-excluded day elapsed between March 8 and March 10, 2023. However, because of the Government's motion for detention filed on March 8, 2023, the Magistrate Judge's grant of that motion on March 10, 2023, and the Government's motion for discovery filed on March 10, 2023, zero non-excluded days elapsed between March 8 and 10, 2023. Furthermore, zero non-excluded days elapsed between March 10 and March 29, 2023, because the Government's motion for discovery was still pending during that time.

Between March 29, 2023, and January 29, 2024, the Court granted a series of motions that excluded time under the Speedy Trial Act. (ECF Nos. 21–23, 25–27, 33–35, 36–38, 42, 43, 45, 57–60, 70–71.) Only a period of time between May 31 and June 16, 2024, was not excluded by those court orders. Nevertheless, the days between May 31 and June 2, 2023, were excluded because of McGraw-Williams's motion for new counsel that was filed on May 22, 2023, and granted on June 2, 2023. (ECF Nos. 28–31.) McGraw-Williams contends that 8 days accrued between June 7 and June 16, 2023. But the period between June 3 and June 16, 2023, was excluded because of the Government's still-pending motion for discovery, which was not heard until the hearing on February 22, 2024, and not resolved until March 28, 2024. (*See* ECF No. 97.) Thus, zero non-excluded days elapsed up to January 29, 2024.

6

Because McGraw-Williams filed twelve pretrial motions on January 8, 2024, the speedy trial clock was still stopped past January 29, 2024. The Magistrate Judge held a hearing on the pretrial motions, including the Government's motion for discovery, on February 22, 2024. (ECF No. 91.) At the hearing, the Magistrate Judge granted the parties' request to submit supplemental briefing on McGraw-Williams's motions to suppress. (*Id.*) Though the Magistrate Judge granted the Government's motion for discovery on March 28, 2024, (ECF No. 97,) the speedy trial clock was still stopped because the supplemental briefing on the motions to suppress was not yet under the advisement of the court. *United States v. Long*, 900 F.2d 1270, 1275 (8th Cir. 1990) (holding that the 30-day excludable time window starts once the court has received all materials needed to take a motion under advisement). The supplemental briefing deadline on the motions to suppress was continued four times because it was unclear whether McGraw-Williams had received a physical copy of the transcript of the hearing that was held on February 22, 2024. (ECF Nos. 98–101.) Ultimately, McGraw-Williams's briefing was continued to June 7, 2024, and the Government's briefing was continued to June 21, 2024. (ECF No. 101.) After McGraw-Williams and the Government waived supplemental briefing on May 29 and June 10, 2024, respectively, the 30-day excludable window for the Magistrate Judge to consider all of the motion materials began, running until July 10, 2024. (ECF Nos. 102, 103.) The Magistrate Judge issued his Report and Recommendation on the motions to suppress on July 17, 2024, which was 7 days outside the 30-day window of excludable time. (ECF No. 105.) However, those 7 days were still excluded because the Magistrate Judge also ruled on

motions for funds that had been filed by McGraw-Williams in the fall of 2023. (ECF No. 104.) Thus, zero non-excluded days elapsed up to July 17, 2024.

McGraw-Williams claims that 3 days accrued between February 8 and February 12, 2024; that 1 day accrued between March 26 and March 28, 2024; and that 33 days accrued between April 18 and July 17, 2024. However, McGraw-Williams fails to consider that his January 8th pretrial motions stopped the speedy trial clock until at least March 28, 2024, that the supplemental briefing on the motions to suppress further stopped the clock until July 10, 2024, and that the Magistrate Judge's ruling on the motions for funds stopped the clock until July 17, 2024. Zero non-excluded days elapsed up to July 17, 2024.

The deadline to object to the Magistrate Judge's Report and Recommendation filed on July 17, 2024, was continued multiple times. Ultimately, McGraw-Williams could object by September 30, 2024, and the Government could respond by October 15, 2024. (ECF No. 115.) The Court issued an order on the Report and Recommendation on October 31, 2024, which was within the 30-day excludable window. (ECF No. 122.) Thus, zero non-excluded days elapsed up to October 31, 2024.

Between November 1 and November 12, 2024, 11 non-excluded days elapsed. But the speedy trial clock was stopped again on November 12, 2024, when McGraw-Williams filed several pretrial motions. (ECF Nos. 124–126.) McGraw-Williams also filed pretrial motions on November 21 and November 25, 2024. (ECF Nos. 127, 129–31.) The Court held a hearing on all of these motions on December 3, 2024, and issued an order on December 5, 2024. (ECF Nos. 132, 133.) Through December 5, 2024, then, only 11 non-excluded days had elapsed.

The Court's order issued on December 5, 2024, excluded the period from December 5, 2024, to the original trial date, which was May 27, 2025. (ECF No. 133.) Thus, up to the filing of this Order, only 11 non-excluded days have elapsed. McGraw-Williams's right to a speedy trial has not been violated. The Court will therefore deny the speedy trial motions.

IV.  **Motion for Disclosure of Grand Jury Transcripts**

McGraw-Williams seeks a copy of the grand jury transcripts relating to all witnesses who testified before the grand jury, whether or not the Government intends to call them at trial. He argues that the transcripts will assist the Court in making a credibility determination regarding his motions to suppress.

The Court has discretion regarding whether to order the disclosure of grand jury materials. *United States. v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). The Government is only required to disclose grand jury transcripts insofar as it is required under the Jencks Act. *United States. v. Wilkinson*, 124 F.3d 971, 977 (8th Cir. 1997). The Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection **until said witness has testified on direct examination in the trial of the case**." 18 U.S.C. 3500(a) (emphasis added).

Here, McGraw-Williams's request is premature because the Government is not required to provide the grand jury transcripts until the witnesses have testified at trial, 18 U.S.C. 3500(a), and trial has yet to occur. Accordingly, the Court will deny the motion for disclosure of the grand jury transcripts.

9

### V.  Notice of Jury Composition Challenge and Motion for Disclosure of Jury-Selection Records

McGraw-Williams noticed his intent to raise a challenge to the composition of the grand jury and petit jury for racial discrimination and seeks jury selection files and records to support his anticipated challenge. He argues that *Duren v. Missouri*, 439 U.S. 357, 364 (1979), which established the test for determining whether the fair-cross-section requirement has been violated, and subsequent Eighth Circuit precedent is outdated and violates the U.S. Constitution. He claims that using registered voter rolls and DMV data to source jurors is racially discriminatory because it purposely excludes people from certain racial backgrounds; instead, he advocates for the use of system welfare records.

Under the Jury Selection and Service Act, "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. The Act further provides that "No citizen shall be excluded from service as a grand or petit juror in the district courts of the United States . . . on account of race, color, religion, sex, national origin, or economic status." *Id.* § 1862. A criminal defendant can move to dismiss the indictment or stay the proceedings against him based on "substantial failure to comply" with the Jury Selection and Service Act "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence" the noncompliance. *Id.* § 1867(a).

While generally "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed," one exception

to that rule is when a criminal defendant challenges whether there has been a failure to comply with the Jury Selection and Service Act. 28 U.S.C. § 1867(f). Under § 1867(f), McGraw-Williams has "essentially an *unqualified* right to inspect jury lists." *United States v. Stanko*, 528 F.3d 581, 587 (8th Cir. 2008) (quoting *Test v. United States*, 420 U.S. 28, 30 (1975)). To access jury selection records or papers, McGraw-Williams "need only allege that he is preparing a motion challenging the jury selection procedures." *Id.* (quoting *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985)). The Eighth Circuit is clear that "[a] defendant may not be denied this unqualified right even when he fails to allege facts which show a probability of merit in the proposed jury challenge because grounds for challenges to the jury selection process may only become apparent after an examination of the records." *Id.* (internal quotation marks and citations omitted).

Because he alleges that he is preparing a jury composition challenge, McGraw-Williams has "an *unqualified* right" to access "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process." *Stanko*, 528 F.3d at 587; 28 U.S.C. § 1867(f). The Court will therefore grant the motion to access public materials with respect to the grand jury that indicted him and the petit jury that has been called for trial, though the names and street addresses of the jurors (but not the city or municipality) must be redacted.

### VI. Motion for Jury Expert

McGraw-Williams filed a motion for a jury expert in anticipation of raising a challenge to the jury selection process. He requests a jury expert "to do the statistical

analysis and other computations needed to prove there is a systemic error in the way the clerks office is selecting the juries from the community." (ECF No. 154.)

McGraw-Williams cites no authority allowing or requiring the Court to provide him with a jury expert in advance of jury selection. Yet even if the Court entertained the request, the Court cannot order him funds for a jury expert unless his standby counsel submits an ex parte application through the Court's eVoucher system explaining why the requested services are necessary. *See* MN USDCT CJA Pan § XII.B ("Requests for authorization of funds for investigative, expert, and other services must be submitted in an ex parte application to the court (using the court's eVoucher system)."); 18 U.S.C. § 3006A(e)(1) ("Upon finding . . . that the services are necessary and that the person is financially unable to obtain them, the court . . . shall authorize counsel to obtain the services."). To the Court's knowledge, McGraw-Williams has not submitted a request for funds for a jury expert in an ex parte application through the Court's eVoucher system as required in this District. Thus, the Court will deny McGraw-Williams's motion for a jury expert. To request the funds for a jury expert that he seeks, McGraw-Williams's standby counsel can submit the proper ex parte application through the Court's eVoucher system.

## III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. McGraw-Williams's motion for reconsideration [ECF No. 143] is DENIED.

2. McGraw-Williams's motion to suppress search and seizure pursuant to *Franks v. Delaware* [ECF No. 145] is DENIED.

3. McGraw-Williams's motion to suppress search and seizure pursuant to *Franks v. Delaware* [ECF No. 148] is DENIED.

4. McGraw-Williams's motion to reopen a suppression hearing [ECF No. 144] is DENIED without prejudice.

5. McGraw-Williams's motion to supplement/present new evidence in support of Doc. No. 80, 81 [ECF No. 146] is DENIED without prejudice.

6. McGraw-Williams's motion to dismiss indictment for violation of 18 U.S.C. § 3161(c) [ECF No. 156] is DENIED.

7. McGraw-Williams's motion to dismiss indictment for violation of 18 U.S.C. § 3161(c) [ECF No. 157] is DENIED.

8. McGraw-Williams's motion for disclosure of the grand jury transcripts [ECF No. 153] is DENIED.

9. McGraw-Williams's notice of motion and motion for jury composition challenge [ECF No. 155] is GRANTED.

10. McGraw-Williams's motion for a jury expert [ECF No. 154] is DENIED.

Dated: May 29, 2025

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge