UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Antonio Trevyll McGraw-Williams,

       Defendant.

Case No. 23-cr-66 (JNE/LIB) (1)
ORDER

This case is before the Court on Defendant's pro se motion for appointment of counsel. Defendant "move[d] . . . for full representation." He mentioned the Sixth Amendment and time for counsel "to prepare for the PSR and sentencing." The Court has determined that Defendant is financially unable to employ counsel and finds that it is in the interest of justice that counsel be appointed pursuant to 18 U.S.C. § 3006A. The Federal Defender's Office is directed to appoint counsel to represent Defendant.

This is likely the final appointment of counsel that the Court will make for Defendant. "An accused can waive his right to counsel by conduct. Courts have held that where a defendant is warned that he must choose between continuing with court-appointed counsel or proceeding *pro se*, the defendant's choice to discharge the appointed counsel constitutes a knowing and intelligent waiver of the right to the assistance of counsel." *United States v. Sanchez-Garcia*, 685 F.3d 745, 751 (8th Cir. 2012); *see United States v. Conklin*, 835 F.3d 800, 804–05 (8th Cir. 2016); *United States v. Irorere*, 228 F.3d 816, 828 (7th Cir. 2000) ("In circumstances such as these, where the defendant's lack of counsel was caused by his own refusal to cooperate with the counsel

1

appointed for him and where the defendant was made aware of the possible consequences of his refusal to cooperate, the district court's decision not to appoint new counsel for the defendant does not constitute an abuse of discretion.").  Four attorneys have been appointed to represent Defendant during this case; two served as standby counsel while Defendant was permitted to proceed pro se.  Not quite three months have passed since the Court granted the motion for withdrawal of Robert Meyers, Assistant Federal Defender,[1] and permitted Defendant to proceed pro se.  If Defendant elects to proceed pro se again, he will likely have waived his right to the assistance of counsel.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.  Defendant's motion for appointment of counsel [Docket No. 291] is GRANTED.

2.  The Federal Defender's Office is directed to appoint an attorney to represent Defendant.

Dated: June 30, 2026

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1]  The Court recommends that Mr. Meyers, if he is willing to accept the appointment, be appointed to represent Defendant.  Mr. Meyers represented Defendant from January to April 2026.